# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEREMY RUSSELL MOYER,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:18-1740** |
| : | |
| v : | |
| : | **(JUDGE MANNION)** |
| **PRIME CARE, INC.,** *et al.,* : | |
| : | |
| **Defendants** | |

## **MEMORANDUM**

## I. **Background**

Plaintiff, Jeremy Russell Moyer, an inmate formerly confined in the Lackawanna County Prison, Scranton, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). Presently before the Court are Defendants' motion for judgment on the pleadings, supplemental motion for judgment on the pleadings and motion for summary judgment. (Docs. 18, 20, 24). By Order dated July 31, 2019, Plaintiff was directed to file a brief in opposition to Defendants' motions. (Doc. 22). On August 12, 2019, this Court's July 31, 2019 Order was returned, stating "return to sender, not deliverable as addressed, unable to forward" and "inmate released." (Doc. 23). There is no forwarding address of record.

## II. Discussion

District courts have the inherent power to dismiss, *sua sponte,* an action for failure to prosecute. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

Plaintiff is personally responsible for failing to notify this Court of his most recent address. See Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor). Plaintiff's conduct has prejudiced Defendants by requiring them to assume the cost of continued legal

preparation and not have a current address to serve their pleadings. See id. (identifying "[p]rejudice to the adversary" as a factor). Plaintiff's action was filed on September 4, 2018. His last contact with the Court was a December 18, 2018 letter to the court in inquiring about appointment of counsel. He was released from custody sometime subsequent to his last communication with this court, and has yet to notify the Court of a current address. Such inaction constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), and constitutes willful disregard of the Court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor). Alternative sanctions would be ineffective to deter Plaintiff's conduct because the Court is unable to move forward with the above-captioned action without a current address for Defendants to serve any responsive pleading. See id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor). As such, the Court finds that the dilatoriness of Plaintiff outweighs any of the other considerations set forth in Poulis. The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint for failure to prosecute. An appropriate Order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 11, 2019**
18-1740-01

3